UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Danny Lynn Littlefield,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>State of Nevada, *ex rel.* Department of Public Safety, Nevada Highway Patrol<br><br>　　　　　　　Defendant. | Case No. 2:13-cv-01021-RFB-GWF<br><br>Order Denying Motion to Amend |

For the reasons discussed below, Plaintiff's Motion for Leave to Amend Complaint Pursuant to Fed. R. Civ. P. 15(a), ECF No. 25, is denied.

**I.    Background**

Plaintiff Danny Lynn Littlefield alleges that he applied for a position as a Department of Public Safety Officer with the Nevada Highway Patrol ("NHP") on March 19, 2012.  He further claims that he received a conditional offer of employment on May 30, 2012.

Littlefield claims that he has had monocular vision since the age of six months, and that his optometrist and his optomologist both held the opinion that Littlefield could perform the essential job functions of a Department of Public Safety Officer without accommodation. Littlefield further claims that the doctor performing his physical examination agreed with the optomotrist and optomologist and cleared Littlefield as fit for duty.

However, Littlefield says, on August 16, 2012, he was informed that the NHP had rejected his employment application on the basis of monocular vision and that the NHP was pressuring the doctor to change her report to indicate the monocular vision was disqualifying.

Littlefield claims he was issued a Right to Sue letter on April 5, 2013.  On June 10,

Littlefield filed the instant suit, seeking relief for violation of the Americans with Disabilities Act ("ADA") and Nevada Revised Statute sections 613.330, et seq.

On April 29, 2014, Littlefield filed the instant motion for leave to amend his amended complaint. ECF No. 25. In this motion, Littlefield seeks to amend by "(1) adding facts regarding the reasons Littlefield was terminated, (2) adding a claim for relief pursuant to 42 U.S.C. § 1983 based on Civil Rights violations for discriminating against Littlefield, (3) adding a party to the case who may be held personally liable for the discrimination claims." Id. at 1:19–22.

**II.   Legal Standard**

Under Federal Rule of Civil Procedure 15, "A district court shall grant leave to amend freely 'when justice so requires.' . . . this policy is to be applied with extreme liberality." Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001) (internal citations omitted) (internal quotation marks omitted); accord Fed. R. Civ. P. 15(a)(2). A district court may consider "undue delay, bad faith, futility of amendment, and prejudice to the opposing party." Howey v. United States, 481 F.2d 1187, 1190 (9th Cir. 1973); accord Chudacoff v. Univ. Med. Ctr. of S. Nevada, 649 F.3d 1143, 1152 (9th Cir. 2011). "While all these factors are relevant, the crucial factor is the resulting prejudice to the opposing party." Howey, 481 F.2d at 1190. "Absent prejudice, or a strong showing of any of the remaining Foman factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).

However, once a scheduling order has been entered pursuant to Federal Rule of Civil Procedure Rule 16, the district court is to first apply the standards of Rule 16 rather than those of Rule 15. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607-08 (9th Cir. 1992). The "good cause" standard of Rule 16 "primarily considers the diligence of the party seeking the amendment," and a party's "carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." Id. at 609.

- 2 -

**III.    Discussion**

The parties have not discussed whether this proposed amendment is timely, and both parties' briefs assume Rule 15 is applicable. However, because the motion will be denied even under the more liberal Rule 15 standard, the Court need not address the more stringent Rule 16 standard.

**A.    Amendment to Add a Claim Under 42 U.S.C. § 1983**

Littlefield is unable to add a claim under § 1983 because Congress's inclusion of a comprehensive remedial scheme in Title I of the ADA precludes § 1983 claims predicated on alleged violations of ADA Title I substantive rights. Littlefield's claim implicates Title I of the ADA, which prohibits disability discrimination in employment. In <u>Okwu v. McKim</u>, the Ninth Circuit said,

> An alleged violation of federal law may not be vindicated under § 1983 ... where ... Congress has foreclosed citizen enforcement in the enactment itself, either explicitly, or implicitly by imbuing it with its own comprehensive remedial scheme. By including a comprehensive remedial scheme in Title I of the ADA, Congress foreclosed the § 1983 claims Okwu brought in this case.

682 F.3d 841, 844 (9th Cir. 2012) (alterations in original) (citations omitted) (internal quotation marks omitted).

Here, Littlefield's proposed new cause of action is based upon his claim that the NHP disqualified Littlefield because of his monocular vision. Specifically, the proposed amended complaint alleges within the cause of action for a violation of § 1983, "[Proposed defendant] Sharn, by means of her authority on NHP's behalf and under color of law, intentionally violated Littlefield's rights under federal regulations and statutes: the ADA, as amended and its applicable regulations." Mot. to Amend, Draft Am. Compl. ¶ 48, ECF No. 25.

The Ninth Circuit Court of Appeals made clear in <u>Okwu</u> that "[b]y drafting a comprehensive remedial scheme for employer's violations of ADA Title I, Congress manifested an intent to preclude § 1983 remedies." 682 F.3d at 846. Therefore, Littlefield's proposed § 1983 cause of action fails as a matter of law, and, consequently, allowing Littlefield's proposed amendment would be futile.

### B. Amendment to Add a Party to the Case

"In addition to adding the Civil Rights claim, Plaintiff seeks leave to add Ms. Scharn to the action, who may be held liable for the same actions. Ex. 1, Second Amended Complaint at ¶¶47-57." Mot. to Amend 2:11–13. Paragraphs 47–57 are exclusively the proposed third claim for relief under § 1983. Because this proposed cause of action cannot be added, as discussed above, and because this cause of action is the sole basis of complaint against Jennifer Sharn, the addition of Jennifer Sharn as a defendant would also be futile.

### C. Amendment to Add Facts to the Complaint

Finally, Littlefield's proposed additional facts are either futile or unnecessary. Insofar as the additional facts support the addition of the proposed § 1983 cause of action or the addition of proposed defendant Sharn, the proposed factual allegations are futile as the cause of action and defendant cannot be added. Insofar as the additional facts may simply bolster Littlefield's original claims, they are unnecessary as the current Amended Complaint, ECF No. 9, has been answered and is not subject to a motion to dismiss.

## IV. Conclusion

For the reasons previously stated, the Court rejects Littlefield's proposed amendments to the Amended Complaint. Accordingly,

IT IS ORDERED that Plaintiff's Motion for Leave to Amend Complaint Pursuant to Fed. R. Civ. P. 15(a), ECF No. 25, is DENIED.

Dated: March 31, 2015.

_____
Richard F. Boulware, II
United States District Court